**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| IBRANE D. BAREFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 9:20-CV-113 |
| | § | |
| BRIAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ibrane D. Barefield, an inmate confined with the Texas Department of Criminal Justice, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple Defendants.

On July 23, 2026, Magistrate Judge Zack Hawthorn entered an order denying plaintiff's motion for a hearing as to the status of the case (#56). The magistrate judge determined that a hearing was not required, given that the case remains under active screening. Plaintiff filed the instant motion objecting to the magistrate judge's order on August 25, 2026 (#57).

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide non-dispositive motions. If a party wishes to object to a magistrate judge's order, he may do so within fourteen days and the district court will review the magistrate judge's order under a clearly erroneous or contrary to law standard. Similarly, under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider any pretrial matter under subparagraph (1) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. As the magistrate judge's order denying plaintiff's motion for a hearing is a non-dispositive matter, the appropriate analysis is under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).

After careful consideration, the court finds the order of the magistrate judge neither clearly erroneous nor contrary to law. It is within the magistrate judge's discretion whether to hold a case

status hearing. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.") Plaintiff fails to show that the magistrate judge's order denying his request for a hearing is either clearly erroneous or contrary to the law.

Based on the foregoing, the order of the magistrate judge under review (#56) is neither clearly erroneous nor contrary to law. It is, therefore, **ORDERED** that plaintiff's motion to reconsider the magistrate judge's order (#57) is **DENIED**.

**Signed this date**
**Oct 29, 2026**

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE